# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CESO SPREWELL,

        Petitioner,

v.                                                                   Case No. 09-CV-780

PETER A. HUIBREGTSE,

        Respondent.

## ORDER

Petitioner Ceso Sprewell ("Sprewell") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 12, 2009, alleging that he is being held in violation of the Constitution because he received ineffective assistance of appellate counsel. Sprewell's petition challenges his imprisonment on convictions for attempted first degree intentional homicide, first degree recklessly endangering safety, use of a dangerous weapon, and being a felon in possession of a firearm returned by a jury in 2003. The court conducted an initial screening of Sprewell's petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determined that Sprewell's petition appeared to be untimely filed under 28 U.S.C. § 2244(d)(1). Instead of dismissing the petition immediately, the court allowed Sprewell an opportunity to show cause why his petition was not untimely filed by presenting any additional facts or bases for tolling the statute of limitations period. Sprewell filed a response regarding the timeliness of his habeas petition and the issue is now before the court.

A habeas petitioner must file his action within a one-year period that runs from the latest of: 1) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which the impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A state judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the United States Supreme Court or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The time period is tolled, however, for any period during which a state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Sprewell was convicted by a jury of the offenses at issue on April 23, 2003. Sprewell appealed the conviction, but his appellate counsel filed a notice of no-merit appeal and a no-merit report. *See State v. Sprewell*, 2008 WI App 264, ¶ 2, 314 Wis. 2d 748, ¶ 2, 760 N.W.2d 184, ¶ 2. The Wisconsin Court of Appeals granted Sprewell's request to discharge his appellate attorney and dismiss the no-merit appeal. *Id.* at ¶ 3. Sprewell then filed a pro se motion for post-conviction relief, which the Milwaukee County Circuit Court denied on December 6, 2004. *Id.* Sprewell did

not appeal from this decision. Sprewell did, however, file a second post-conviction motion more than three years later, on January 1, 2008. This motion was denied by the circuit court and appellate court and review was denied by the Wisconsin Supreme Court. Sprewell's judgment became final and the statute of limitations period appears to have expired prior to the filing of his second post-conviction motion. For this reason, the court ordered Sprewell to show cause regarding the timeliness of his petition.

In response to the court's show cause order, Sprewell filed a document entitled "Motion to Amend Habeas Corpus Petition to Include Claim of Actual Innocence." However, the title appears to be the only aspect of the document asserting an independent claim for actual innocence. The eight pages of argument all address the one-year statute of limitation period for Sprewell's ineffective assistance of counsel claim and argue that the period must be equitably tolled based on actual innocence. Further, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Therefore, the court will deny Sprewell's motion to amend his petition to add actual innocence as an independent claim. Instead, the court will simply treat Sprewell's filing as a response to the court's order to show cause regarding timeliness – as it seems intended to be.

Sprewell first argues that his petition is timely pursuant to § 2244(d)(1)(D) because he filed it within one year of the "date on which the factual predicate for the claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Sprewell also argues that his petition is timely because he pleads an affirmative defense of actual innocence to equitably toll the statute of limitations. These arguments are premised upon an alibi witness that Sprewell's trial attorney failed to locate and use in his defense. However, both arguments fail to excuse Sprewell's untimely petition.

Sprewell was convicted for a shooting that occurred outside of a club. Sprewell maintains that he informed his trial counsel that during the shooting he was "ducked down behind some vehicles with a young lady whom he had also pulled down for cover." (Pet.'s Mot. Amend, at 5). Sprewell asserted to counsel that this unidentified alibi witness could collaborate his version of events and his claim that he was not the shooter. However, he did not know the name of the woman, where she was from, or how to contact her. Sprewell's attorney never located this alibi witness. Sprewell also informed appellate counsel about his trial attorney's inability to locate the witness, but appellate counsel did not locate the alibi witness or raise an ineffective assistance of counsel claim on appeal.

After his conviction, Sprewell took matters into his own hands. In 2004, Sprewell learned that his co-defendant, O'Dell Hardison, (who was acquitted) had been reincarcerated for a separate offense. Sprewell wrote to Hardison asking for

any discovery material or documents from their case. Nothing came of Sprewell's request until three years later. In mid-October 2007, Sprewell received a package containing police reports, field information, detective reports and transcripts from Hardison's preliminary hearing. The package contained a police report that included a statement given at the scene of the crime by a woman named Laquanda Greer. As part of her statement, Ms. Greer commented that during the shootings "an unknown Black male subject pulled her down for cover behind a motorcycle." (Pet.'s Mot. Amend, Ex. I, at 6). After receiving the police report from Hardison and learning this information, Sprewell filed a post-conviction motion pursuant to Wis. Stat. § 974.06 in state court alleging ineffective assistance of counsel. (Habeas Pet., at 4). The motion was denied as procedurally barred on January 14, 2008. (Id.). Sprewell appealed the decision and the Wisconsin Court of Appeals affirmed on October 15, 2008, but on an alternative basis. *State v. Sprewell*, 2008 WI App 172, 314 Wis. 2d 748, 760 N.W.2d 184. The Wisconsin Supreme Court denied review on January 12, 2009. *State v. Sprewell*, 2009 WI 23, 315 Wis. 2d 723, 764 N.W.2d 532 (Table). Sprewell filed his habeas petition seven months later.

The dates that Sprewell received the police report and filed his second post-conviction motion only matter if the one-year statute of limitations period for Sprewell's habeas petition begins to run from the date he learned Ms. Greer's identity and the content of her statement to police. The statutory period begins to run from the date when the "factual predicate" of Sprewell's habeas claim "could

-5-

have been discovered" through due diligence. 28 U.S.C. § 2244(d)(1)(D). Sprewell's claim is ineffective assistance of appellate counsel and the factual predicate is *appellate* counsel's failure to raise ineffective assistance of *trial* counsel as an issue on appeal. Sprewell bases his allegations that trial counsel was ineffective on counsel's failure to locate the alibi witness Sprewell informed him about. Sprewell clearly knew about trial counsel's failure to locate the alibi witness at the time of his trial in 2003. He also learned that appellate counsel failed to raise this issue on appeal when he received counsel's no merit report in 2004. Thus, Sprewell discovered the factual predicate of his ineffective assistance of counsel claim in 2004 and the one-year statutory period commenced five years before Sprewell filed his habeas petition in August 2009.

Further, even if the police report revealing the witness's identity is itself considered the factual predicate of Sprewell's claims for ineffective assistance of counsel, the statutory period has run. The police report was discoverable at the time of Sprewell's trial, which is clear given that Sprewell's co-defendant possessed a copy. Therefore, the identity of Ms. Greer as a potential alibi witness was available to him in 2003 and the fact that he did not actually obtain the information until October 2007 is irrelevant. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (stating that under § 2244(d)(1) "the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner.").

-6-

In addition, trial counsel's failure to present the alibi witness is simply one of the four bases Sprewell asserts in support of his ineffective assistance of appellate counsel claim. The other bases are wholly unrelated to Sprewell's 2007 receipt of the police report and were all known to Sprewell at the time of his trial and sentencing. Sprewell's habeas petition asserts that his post-conviction attorney provided ineffective assistance for failing to raise the following four bases for ineffective assistance by trial counsel: 1) counsel's failure to investigate and present an alibi witness; 2) counsel's failure to object to the prosecutor vouching for a witness's credibility; 3) counsel's failure to protect Sprewell from an inapplicable sentence enhancer; and 4) the fact that counsel conceded Sprewell's guilt at sentencing.

The factual predicate underlying Sprewell's claim for ineffective assistance of appellate counsel was discoverable prior to October 2007. Sprewell knew about his trial counsel's failure to locate the alibi witness in 2003 and about appellate counsel's failure to raise this issue on appeal in 2004. The police report which led Sprewell to "uncover" the identity of his alleged alibi witness was also discoverable prior to his trial. Therefore, the circumstances described in § 2244(d)(1)(D) do not apply to Sprewell's petition and his receipt of the police report in October 2007 is not the event commencing the running of the statute of limitations on his habeas petition. His petition is not timely filed on this basis.

Sprewell's actual innocence arguments similarly fail to render his petition timely. Equitable tolling may be available when an impediment not covered in § 2244(d)(1) prevents the filing of a collateral attack. *Owens*, 235 F.3d at 360. This is because a claim of "actual innocence" is unrelated to the statutory timeliness rules. *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005)). A claim of actual innocence can only equitably toll the statute of limitations if the petitioner can show that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the period of limitations. *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Sprewell cannot make this showing because the facts underlying his ineffective assistance of appellate counsel claim were discoverable shortly after his conviction, as discussed above.

Finally, even if the statute of limitations period was tolled and Sprewell was able to assert his claim, Ms. Greer's statements do not establish Sprewell's innocence by clear and convincing evidence. Ms. Greer is not a true "alibi witness" because her statements do not clearly establish that Sprewell could not have been the shooter at the crime scene. Instead, Ms. Greer stated that she heard six shots fired and looked in the direction from which the sounds originated, but was "not able to observe that anyone was shooting." (Pet.'s Resp., Ex. I, at 6). She also stated that "eventually" an "unknown" Black male pulled her down for cover. (Id.). Even if the "unknown" male was Sprewell, she did not see the shooter and cannot collaborate Sprewell's claim that he was not the shooter. Further, her statement

Case 2:09-cv-00780-JPS   Filed 12/21/09   Page 8 of 9   Document 11

does not indicate that the "unknown" male was present near her during all events. Ms. Greer merely states that "eventually" he pulled her down for cover behind a motorcycle. Therefore, her statements do not exonerate her "unknown" protector from any involvement in the shooting.

Accordingly,

**IT IS ORDERED** that Sprewell's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Sprewell's motion for leave to proceed in forma pauperis[1] (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Sprewell's motion to appoint counsel (Docket #5) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the petitioner's motion to amend (Docket #10) be and the same is hereby **DENIED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Sprewell filed a motion to proceed in forma pauperis in connection with his habeas petition. Sprewell includes an affidavit and six-month statement from his prison trust account in support of this motion. A review of the documents reveals that Sprewell had an average monthly balance of $298.25 for the six months preceding his filing of the § 2254 petition. Further, he claims no monthly expenses. Sprewell fails to establish his inability to pay the modest $5 filing fee and the court will deny his motion.